SPENCER *v.* STATE OF INDIANA.

[No. 29,038.   Filed June 9, 1953.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Carl Humble,* Deputy Attorney General, for appellee.

GILKISON, J.—Appellant was charged by indictment with the offense of operating an automobile in the city of Indianapolis while he was under the influence of intoxicating liquor and that theretofore he had been convicted of a like offense. He entered a plea of not guilty and was tried by the court without the intervention of a jury. The trial resulted in a finding and judgment of guilty. His motion for new trial on the grounds that the decision of the court is contrary to

law and is not sustained by sufficient evidence, was overruled and this appeal was perfected.

Appellant's counsel says he is familiar with the rule that this court will not weigh the evidence nor determine the credibility of the witnesses. We reassert that we are bound by this rule. We are thus required to examine the record to ascertain if there is some evidence in the record to support the decision of the trial court.

We quote the evidence in chief of William A. McFarland as it is condensed by appellant in his brief as follows:

"My name is William A. McFarland, reside at 3031 Bradbury, Beech Grove, Indiana. I was in the vicinity of the 800 Block on Grove Street, on the 31st day of May, and at about 9:30 in the evening. He (the defendant) first hollered at me then backed up into my car. I was across the street when he hollered at me. I was about five to seven feet from him. He was behind the wheel. I did not notice anyone with him. I walked around my car and asked him what he thought he was doing. He cussed a little bit and pulled forward about thirty feet, got out of the car staggering; I smelled liquor on his breath. I would think so he was under the influence of intoxicating liquor."

This evidence clearly supports the finding and judgment of the trial court.

Appellant by his brief admits that he may have been intoxicated at the time but insists that he was not driving the car and that it was being driven by another whose name does not appear in the briefs of either party nor in the record, and who was not produced as a witness by the defendant nor the state. The identity of this mystery-man remains unsolved.

There was ample evidence of a prior conviction of

the defendant for a similar offense in Municipal Court, Room 3, of Marion County on September 19, 1950.

Since appellant graciously admits the law controlling the questions he seeks to present, it is not necessary to burden this opinion with the citation of authorities.

The finding and judgment are supported by the evidence and the judgment of the trial court is affirmed.

NOTE.—Reported in 112 N. E. 2d 750.